UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIE LOVE, | ) |
| --- | --- |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:05CV703 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Willie Love to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 petition Love claims:

1. his attorney was ineffective for failing to file a motion for downward departure based on hardship and/or post arrest rehabilitation; and

2. his sentence was improperly enhanced pursuant to 21 U.S.C. § 851.

Mr. Love's arguments are without merit. Mr. Love expressly agreed in his plea agreement not to seek a downward departure. He cannot now complain that his attorney was ineffective because he did not file a motion seeking a downward departure.

Mr. Love's allegation that his sentence was improperly enhanced pursuant to 21 U.S.C. § 851 fails because no such enhancement was applied to him.

Mr. Love's arguments are not supported by the facts or the law.

In addition, Mr. Love failed to present his claims in a direct appeal which bars him from raising these claims in his § 2255 petition.

Willie Love's § 2255 petition will be denied.

## **Background**

On September 3, 2004, Willie Love plead guilty to the offense of possession of five grams or more of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

In his plea agreement Willie Love agreed not to seek a downward departure at sentencing:

> The parties further agree that neither party shall request a departure pursuant to any Chapter of the Guidelines unless that departure or facts which support that departure are addressed in this Stipulation, or the request is made with the consent of both parties.
> Plea Agreement at ¶ 3.

On December 3, 2004, Mr. Love was sentenced to 70 months imprisonment and four years supervised release. The government did not seek a sentencing enhancement pursuant to 21 U.S.C. § 851 (such an enhancement would have increased the minimum sentence to 120 months).

## **Analysis**

### **A § 2255 petition is not a substitute for a direct appeal.**

Love did not challenge these sentencing issues on direct appeal. As a result Love is barred from raising these alleged sentencing errors in a § 2255 petition unless he can show cause and prejudice to excuse his procedural default. <u>Reid v. United States</u>, 976 F.2d 446, 448 (8th Cir. 1992). Love made no effort to show cause and prejudice. As a result Love is barred from raising these sentencing issues for the first time on the guise of an ineffective assistance of counsel claim.

Even if Love's claims were not procedurally barred they fail as a matter of fact and law.

### **Love agreed not to file a downward departure motion**

Love claims his attorney was ineffective when he did not move and argue for a downward departure due to Love's "hardship" and/or "post arrest rehabilitation." Unfortunately in his plea agreement Love expressly agreed not to seek a downward departure on these or any other grounds. Love's attorney cannot be ineffective for not seeking a downward departure when such a motion was expressly prohibited by Love's plea agreement.

### **Love's sentence was not enhanced pursuant to 21 U.S.C. § 851**

Love's claim that his sentence was improperly enhanced pursuant to 21 U.S.C. § 851 is simply not true. The government did not seek an enhancement under 21 U.S.C. § 851. Love's sentence was not the result of such an enhancement.

### **Request for Evidentiary Hearing**

Generally, 28 U.S.C. § 2255 entitles the Movant to a hearing on the merits of their petition. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Since the record in this case conclusively establishes that Love is entitled to no relief, his request for a hearing will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994)). I am of the opinion that Jones has made no such showing as to the grounds raised in his motion. I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Willie Love for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that Willie Love' request for a hearing on his amended petition is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Willie Love has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2005.